```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 07-61842-Civ-COHN
                                (05-60174-Cr-COHN)
                        MAGISTRATE JUDGE P. A. WHITE
```

TEVIS COOPER,             :

     Movant,             :

v.                        :           REPORT OF
                                                           MAGISTRATE JUDGE
UNITED STATES OF AMERICA  :

     Respondent.         :
_____

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence for possession with intent to distribute five grams or more of crack cocaine entered following a guilty plea in case no. 05-60174-Cr-Cohn.

The Court has reviewed the motion with supporting memorandum, the government's response, the movant's reply, the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

The movant raises the following claims:

      1.   He was denied effective assistance of counsel, where his lawyer improperly advised him that he could subsequently challenge his prior state court convictions which had been used to enhance his federal sentence.

      2.   He was denied effective assistance of

>    counsel, where his lawyer improperly advised him that he could appeal the sentence imposed based on the disparity in sentence involving crack versus powder cocaine.
>
> 3.    He was denied effective assistance of counsel, where his appellate lawyer failed to advise him in a timely manner that his appeal had been dismissed, and failed to timely file a certiorari petition with the Supreme Court.
>
> 4.    He sentence was improperly enhanced on the basis of unconstitutional prior state court convictions.

It should be noted that claim four, as listed above, could have been, but was not raised on direct appeal. Notwithstanding, construing the argument made by the movant in support thereof, he appears to argue that counsel was ineffective for failing to pursue the claims either at sentencing or on direct appeal. A claim of ineffective assistance of counsel may constitute cause for failure to previously raise the issue. United States v. Breckenridge, 93 F.3d 132 (4 Cir. 1996). Attorney error, however, does not constitute cause for a procedural default unless it rises to the level of ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984); Murray v. Carrier, 477 U.S. 478, 488 (1986). Thus, each claim identified above will therefore be identified and treated in turn in this Report, *infra*.

## Procedural History

The procedural history of the underlying criminal case reveals that the movant was charged by Indictment with two counts of distribution and possession with intent to distribute five grams or

more of crack cocaine, in violation of 18 U.S.C. §841(a)(1)(B) & §841(a)(1)(C) (Counts 1-2), and distribution and possession with intent to distribute a detectable amount of crack cocaine, in violation of 18 U.S.C. §841(a)(1)(B) & §841(a)(1)(C) (Count 3). (Cr-DE#1).

Pursuant to the terms of a written plea agreement, the movant agreed to plead guilty to Count One of the Indictment. (Cr-DE#28). The movant further agreed that the sentence would be imposed after the court considered an advisory guideline sentence, relying in part on the results of a PSI, and acknowledged that the court could depart from the guideline range. (Id.:1-2). The movant acknowledged that the court is required to consider the advisory guideline range, but is not bound to impose that sentence, and is in fact, permitted to tailor the sentence in light of other statutory concerns, which could result in a sentence that is more or less severe than the advisory guideline sentence. (Id.:2). The movant also acknowledged that the court has the discretion to impose any sentence up to the statutory maximum of 40 years in prison, order restitution, and impose a fine, and that the movant could not withdraw the plea as a result of the sentence imposed. (Id.:3). The movant also agreed to waive his right to a direct appeal pursuant to 18 U.S.C. §3742, including the right to appeal any sentence imposed, any restitution order, and the manner in which the sentence was determined, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range the court establishes at sentencing. (Id.:6-7).

In exchange, the government agreed to dismiss all remaining counts after sentencing, recommend up to a three level reduction in the movant's base offense level based on his timely acceptance of responsibility, and recommend a sentence at the low end of the

applicable advisory guideline range. (Id.:4-5).

The government and the movant agreed, although not binding on the probation officer or the court, that the court impose a sentence within the advisory guideline range, and except as otherwise expressly set forth in the agreement, they will jointly recommend that the court neither depart upward nor depart downward under the guidelines when determining the advisory guideline range. (Id.:3). They further agreed to jointly recommend that, pursuant to U.S.S.G. §2D1.1, the amount of crack cocaine for purposes of determining relevant conduct was 32 grams. (Id.5).

Prior to sentencing, a PSI was prepared which established an initial base offense level 30 pursuant to U.S.S.G. §2D1.1(a)(3) because the offense involved possession with intent to distribute at least 35 grams but less than 50 grams of crack cocaine. (PSI ¶16). The base offense level was then increased to a level 34, pursuant to U.S.S.G. §4B1.1(a), because the movant was considered a career offender as he was at least 18 years old at the time of the instant offense, the instant offense is a felony controlled substance offense, and he had at least two prior felony convictions for either a crime of violence or a drug trafficking crime. (PSI ¶22). Three levels were then deducted based on the movant's acceptance of responsibility, which resulted in a total adjusted offense level 31. (PSI ¶23-25).

The probation officer also determined that the movant had a total of 24 criminal history points, resulting in a criminal history category VI. (PSI ¶40-42). However, the criminal history points were of no import pursuant to U.S.S.G. §4B1.1, because a career offender's criminal history category is always a category VI. (PSI ¶43). The probation officer indicated that, based on a

total offense level 31 and a criminal history category VI, the movant's advisory guideline range was 188 to 235 months in prison. (PSI ¶72). The movant filed objections to the PSI prior to sentencing, challenging in pertinent part the lawfulness of the conclusion in the PSI that he qualified as a career offender, as well as, the discriminatory sentencing disparity between powder and crack cocaine. (Cr-DE#31).

On December 29, 2005, the movant appeared for sentencing. (Cr-DE#34). At that time, the movant renewed its argument regarding the disparity in sentences based on powder versus crack cocaine, and requested a sentence below the advisory guideline range, to a term of 120 months in prison. (Cr-DE#40:3-8). After hearing argument from the parties, the court indicated that it had considered the PSI, the terms of the plea agreement, the factors set forth in 18 U.S.C. §3553(a), the seriousness of the offense, and the movant's extensive criminal history, and concluded that it would impose a sentence within the advisory guideline range. (Cr-DE#40:13). Thereafter, the movant was sentenced to a term of 188 months in prison, followed by 5 years of supervised release. (Cr-DE#40:13; Cr-DE#34).

Despite the appeal waiver, the movant filed a notice of appeal on January 4, 2006. (Cr-DE#35). On June 27, 2006, the Eleventh Circuit granted the government's motion to dismiss the appeal based upon the movant's appeal waiver. (Cr-DE#41). The judgment of conviction in the underlying criminal case became final at the latest on September 24, 2006, when time expired for filing a petition for writ of certiorari, ninety days following dismissal of

the appeal by the appellate court.[1] This motion to vacate was filed less than one year later on September 6, 2007.[2]  (Cv-DE#1).

### Timeliness of Motion

In its response to this court's order to show cause, the government maintains that this federal petition is time-barred. Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1)   The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2)   The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3)   The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

The Eleventh Circuit has held that the limitations period may

---

[1] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

[2] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, ___ U.S. ___, 122 S.Ct. 1965 (2002); Sandvik v. U.S., 177 F.3d 1269, 1270 (11 Cir. 1999).

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 687-689 (4 Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7 Cir. 1998); Johnson v. United States, 246 F.3d 655 (6 Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000).

As will be recalled, the movant executed his motion under penalty of perjury on September 6, 2007. (Cv-DE#1). The law is clear that under the "prison mailbox rule," a prisoner's habeas petition is deemed filed when it is handed over to prison authorities for mailing. See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999); Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to prisoner filing habeas petitions in both federal and state courts. Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir.

2001)(citation omitted). In this case, the federal motion to vacate was signed by the movant on September 6, 2007. (Cv-DE#1). Nowhere in the government's response does it provide any objective evidence, such as prison outgoing legal mail logs, to establish that the movant's motion was not handed over to prison officials on the date it was executed. Rather, the government asserts that the Court should disregard the date of execution and consider the motion filed on December 17, 2007, the date it was file stamped as received by the Clerk's office.

However, the Eleventh Circuit has held that the burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Clay v. United States, 2007 WL 4336356 (11th Cir. 2007). Absent evidence to the contrary in the form of prison logs or other records, this court will assume that the movant's motion was delivered to prison authorities the day the movant signed it, September 6, 2007. See Washington v. United States, supra; Allen v. Culliver, 471 F.3d 1196, 1198-99 (11th Cir. 2006); Marsh v. Soares, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000)("Liberal application of the mailbox rule ... causes us to treat the petition as placed in the hands of prison authorities on the same day it was signed."). In this case, as in Washington, supra., the government has offered no evidence to rebut that the motion was tendered to prison authorities on the date it was signed by the movant. Thus, absent objective evidence to the contrary, this motion is deemed timely filed on September 17, 2007. Regardless, this court need not belabor the timeliness issue, as the claims raised herein also fail on the merits.

## Discussion of Claims

As noted above, the movant raises multiple claims, each of which will be individually identified and treated in turn in this Report. In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995). Prejudice in the sentencing context requires a showing that the sentence was increased due to counsel's error. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). The movant claims that but for counsel's alleged deficient performance, he would not have pleaded guilty and would have proceeded to trial. (Cv-DE#26).

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should

at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

In **claim one**, the movant asserts that he was denied effective assistance of counsel, where his lawyer improperly advised him that he could subsequently challenge his prior state court convictions which had been used to enhance his federal sentence. (Cv-DE#1; Cv-DE#5:6). According to the movant, if counsel had explained that even if he were to challenge his prior state court convictions, and assuming further he were successful in said challenges, that this would not entitle him to automatic resentencing, then he would not have pleaded guilty, would have risked the loss of the three level reduction for acceptance of responsibility, and would have insisted on proceeding to trial. (Cv-DE#5:7).

At the change of plea hearing, the court conducted an extensive Rule 11 hearing.[3] (Cr-DE#65). At that time, the movant

---

[3]Rule 11(c)(1) imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea. United States v. Siegel, 102 F.3d 477, 480-481 (11th Cir. 1996), citing, United States v. Stitzer, 785 F.2d 1506, 1513 (11th Cir.), cert. den'd, 479 U.S. 823 (1986). Three core concerns underlie this rule: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. Siegel, 102 F.3d at 480-81, citing, United States v. Hourihan, 936 F.2d 508, 511 n. 4 (11th Cir. 1991); United States v. Bell, 776 F.2d 965, 968 (11th Cir. 1985), cert. den'd, 477 U.S. 904 (1986); United States v. Dayton, 604 F.2d 931, 935 (5th Cir. 1979), cert. den'd, 445 U.S. 904 (1980). If one of the core concerns is not satisfied, then the plea of guilty is invalid. Siegel, 102 F.3d at 480-81. Under these circumstances, a court's failure to address any one of these three core concerns above requires automatic reversal. Id.; Bell, 776 F.2d at 968, quoting, McCarthy v. United States, 394 U.S. 459 (1969).

acknowledged under oath[4] that he had received a copy of the Indictment, had discussed the government's case, and the nature of the charges with counsel prior to the change of plea, and was satisfied with counsel's representation. (Id.:4-5). The movant was advised and acknowledged that he faced anywhere from 5 years to 40 years imprisonment. (Id.:4,7).

Movant's counsel was asked by the court to indicate what steps he had taken to familiarize the movant with the elements of the charged offenses. (Id.:5). Defense counsel responded that he had extensive meetings with the movant, had reviewed the plea agreement, the federal sentencing guidelines and several recent court decisions, including Booker[5], the requirements under 18 U.S.C. 3553, and the difference between the federal and state system, as the movant was familiar with the state criminal system. (Id.:6-8). When the movant was asked if that was his understanding as well, he responded in the affirmative. (Id.:6).

Specifically, the movant also acknowledged discussing the sentencing guidelines with counsel, and indicated that he understood the guidelines were advisory, and that the advisory sentence would be determined by the court relying in part on a PSI. (Id.:6-7). The movant further acknowledged that the court was required to consider the advisory guideline, but was not bound to impose that sentence, and that the sentence could be more or less severe than the advisory guideline range. (Id.:7).

---

[4]Statements at the time of a plea colloquy are given a strong presumption of truth. Blackledge v. Allison, 431 U.S. 63 (1977). The subsequent presentation of conclusory allegations, unsupported by specifics, is subject to summary dismissal, as are contentions which in the face of the record are wholly incredible. Machibroda v. United States, 368 U.S. 487 (1962).

[5]United States v. Booker, 543 U.S. 220 (2005).

The movant also denied being promised or made any guarantees regarding his sentence. (Id.:7-8). Moreover, the movant further denied being coerced, forced, or threatened into changing his plea, and was, in fact, doing so voluntarily. (Id.:8). On the record before this court, no showing has been made that the movant's plea was anything but knowing and voluntary. Moreover, any alleged misadvice by counsel was cured by the court's thorough change of plea proceeding. Thus, the movant is entitled to no relief on this claim.

To the extent the movant means to argue that his was unaware of the consequences of his plea, that claim is also belied by the record. The court thoroughly addressed the consequences of the guilty plea, the constitutional rights the movant was waiving, and the maximum and minimum penalties. As previously noted in this Report, any alleged misadvice by counsel was cured by the court's colloquy at the change of plea hearing. There is nothing of record to suggest that the movant did not understand the significance of the rights we was waiving by entering into a knowing and voluntary plea. Thus, the movant has failed to establish prejudice pursuant to Strickland and is therefore entitled to no relief on these claims.

If the movant means to argue that counsel failed to explain that he faced an enhanced sentence as a career offender, that claim also fails because any alleged deficiency was cured by the court's change of plea proceeding. Moreover, the law is clear that an inaccurate prediction about sentencing alone will generally not be sufficient to sustain a claim of ineffective assistance of counsel. United States v. Pease, 240 F.3d 938, 940-41 (11th Cir. 2001)(rejecting argument by defendant sentenced as a career offender that his plea was not knowing and voluntary because he had

relied on counsel's prediction that his potential sentence under the plea agreement would be anywhere from five to ten years); United States v. Arvanitis, 902 F.2d 489, 494-95 (7th Cir. 1990)(no ineffective assistance where claim based only on inaccurate prediction of sentence).

Alternatively, to the extent the movant means to argue that any one of his prior state court convictions were obtained unconstitutionally and thus could not be considered predicate offenses for purposes of determining his status as a career offender, that claim also fails on the merits. The movant does not claim that he has successfully challenged the validity of the underlying convictions in the state forum.

The law is clear that once the movant successfully attacks in the state forum his prior state convictions used to determine his criminal history points in this case, at that time he may then seek to reopen and reduce the federal sentence. See United States v. Walker, 198 F.3d 811, 813 (11 Cir. 1999).

It is well settled that collateral attacks on prior convictions are generally prohibited in federal sentencing proceedings, and may be raised only when the conviction was obtained in violation of the defendant's right to counsel. United States v. Phillips, 120 F.3d 227, 231 (11 Cir. 1997)(citing, Custis v. United States, 511 U.S. 485 (1994)); United States v. Farris, 77 F.3d 391, 397 & n. 10 (11 Cir.), cert. denied, 519 U.S. 896 (1996). Moreover, the Supreme Court has held that a federal prisoner who has failed to pursue available remedies to challenge a prior conviction (or has done so unsuccessfully) may not collaterally attack that conviction through a motion pursuant to 28 U.S.C. §2255 directed at the enhanced federal sentence. Daniels v. United

States, 523 U.S. 374 (2001), citing, Custis v. United States, 511 U.S. 485, 493 (1994)(only prior convictions which may be collaterally attacked at sentencing were those obtained in violation of the right to appointed counsel).

The movant does not assert that he was not represented by counsel, but merely attempts to challenge the legality of the sentences imposed therein. The movant has also not shown that the prior convictions he is challenging in this proceeding have been vacated, and there is nothing of record to support such a conclusion. Thus, there appears to have been no legal basis to challenge the validity of underlying state convictions at the time of the movant's sentencing in federal court, nor at this time. In fact, to the extent counsel advised the movant that he could later collaterally challenge his federal sentence once he was successful in vacating his prior state court convictions, such advice was sound, proper, legal advice. Under these circumstances, no deficient performance or prejudice has been demonstrated arising from counsel's failure to pursue the claim at sentencing or on appeal.

In **claim two**, the movant asserts that he was denied effective assistance of counsel, where his lawyer improperly advised him that despite the nature of the proposed plea agreement, the movant would still be entitled to challenge his sentence on appeal based on the disparity in sentence involving crack versus powder cocaine. (Cv-DE#1; Cv-DE#5:8).

In support thereof, the movant faults appellate counsel for failing to seek vacatur of his sentence based on the recently enacted Amendment 706 to the U.S. Sentencing Guidelines relating to cocaine base offenses. In other words, the movant appears to argue

that counsel was ineffective for failing to foresee a change in the Guidelines, which resulted in the foregoing amendment. The amendment's effective date, however, was March 3, 2008. See U.S.S.G. §1B1.10 (Policy Statement). At the time his appeal was pending and his appellate brief due to be filed, the amendment had not taking effect. The law in the Eleventh Circuit is well established that it is not ineffective assistance for an attorney to fail to foresee a change in the law. See, United States v. Ardley, 273 F.3d 991 (11th Cir.2001)(denial of suggestion for rehearing en banc)(our circuit law completely forecloses the contention that an attorney's failure to anticipate the Apprendi decision is ineffective assistance); Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir.1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'"). Counsel was not ineffective for failing to foresee the development in the law.

Notwithstanding, no deficient performance or prejudice can be established arising from counsel's failure to challenge the issue on appeal. Amendment 706 to the U.S. Sentencing Guidelines made retroactive changes to U.S.S.G. §2D1.1. Because the movant was determined to be a career offender as that term is defined in U.S.S.G. §4B1.1(a), the guideline imprisonment range established at sentencing was based on the offense level provided by §4B1.1 for career offenders, and not pursuant to U.S.S.G. §2D1.1. Thus, the application of the recent amendment to U.S.S.G. §2D1.1 does not lower the movant's applicable guideline range, and therefore no reduction is appropriate under 18 U.S.C. §3582(c)(2).(Cr-DE#192). The policy statements contained in recently amended U.S.S.G.

§1B1.10(a)(2)(B) confirms this conclusion.[6]

Nevertheless, if the movant seeks resentencing based on Amendment 706, he should do so by filing a motion in the underlying criminal case pursuant to 18 U.S.C. §3582(c). It is axiomatic, however, that the court then has the discretion whether or not to apply the amendment. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); see also, U.S.S.G. §1B1.10.

In **claim three**, the movant asserts that he was denied effective assistance of counsel, where his appellate lawyer failed to advise him in a timely manner that his appeal had been dismissed, and failed to timely file a certiorari petition with the Supreme Court. In support thereof, the movant appears to argue that counsel's failure to advise him of the dismissal of his appeal precluded the movant from timely filing his §2255 motion to vacate. (Cv-DE#5:14).

As discussed previously in this Report, absent objective evidence to the contrary, the issue of equitable tolling relating to counsel's alleged negligence is of no consequence, as it appears from the record before this court that the motion was timely filed within one year from the time the movant's conviction became final.

To the extent the movant means to argue that appellate counsel was ineffective for failing to seek certiorari review of the dismissal of his appeal, the movant is also not entitled to relief on that basis. The granting of a petition for writ of certiorari by

---

[6] Pursuant to U.S.S.G. §1B1.10(a)(2)(B), "[A] reduction in the defendant's term of imprisonment is not consistent with this policy statement statement and therefor is not authorized under 18 U.S.C. §3582(c)(2) if [a retroactively applied amendment] does not have the effect of lowering the defendant's applicable guideline range."

16

the Supreme Court is a matter of judicial discretion. See Sup.Ct.R. 10; Ross v. Moffitt, 417 U.S. 600, 617 (1974). The Supreme Court has also held that defendants have no right to counsel to pursue discretionary review. See United States v. Austin, 513 U.S. 5, 8 (1994) (A court-appointed lawyer may only file a certiorari petition to the Supreme Court if there are meritorious grounds for certiorari review.)[7]; Pennsylvania v. Finley, 481 U.S. 551, 555 (1986); Wainwright v. Torna, 455 U.S. 586, 587 (1982)(same). Therefore, the movant did not have a constitutional right to counsel in seeking a writ of certiorari. Absent such a right, movant cannot assert a constitutional violation based upon his counsel's allegedly defective performance. Accord Washpun v. United States, 109 Fed. Appx. 733, *2-3 (6th Cir. Aug.31, 2004) ("Because [movant] has no constitutional right to the assistance of counsel to pursue a petition for a writ of certiorari, he cannot claim that his counsel's failure to raise an Apprendi claim in that petition amounted to ineffective assistance."); McNeal v. United States, 1995 WL 290233, *1-2 (6th Cir. May 11, 1995) (holding that a claim that counsel failed to file a petition for rehearing was not a constitutional violation); Stuut v. United States, 2005 WL 1389181, *3 (W.D. Mich. 2005)(holding that claim challenging appellate counsel's ineffectiveness for failing to file a petition for rehearing en banc and allowing the 90-day time period for filing a writ of certiorari to expire did not raise a cognizable constitutional violation); United States v. Ferrell, 730 F.Supp. 1338, 1340 (E.D. Pa. 1989)(holding that Movant does not have constitutional right to appeal criminal conviction to the Supreme Court or to have counsel pursue application for review in the Supreme Court). See also United States v. Lauga, 762 F.2d 1288,

---

[7]In Austin, the Supreme Court further directed Courts of Appeals to adopt rules consistent with the holding of the case. The Eleventh Circuit adopted its new rule, Addendum Four, §§ f(4) and (5), effective January 2, 1996.

1291 (5th Cir. 1985) (finding claims of ineffective assistance of counsel because his attorney did not seek a writ of certiorari from the Supreme Court devoid of merit); United States v. Lena, 670 F.Supp. 605, 613 (W.D. Pa. 1987), aff'd, 849 F.2d 603 (3d Cir. 1988) (same).

Movant correctly notes that he had a statutory right to continued representation of appointed counsel for purposes of filing a petition for writ of certiorari. That statutory right, however, does not rise to a constitutional right which is a condition precedent for seeking habeas relief under §2255. Thus, no relief is warranted based upon the alleged ineffective assistance of appellate counsel.

Accordingly, counsel is only ineffective if the movant was prejudiced by counsel's failure to file a petition for certiorari review. The movant claims generally that certiorari review would have been favorable, but fails to demonstrate what meritorious grounds would have succeeded sufficient to warrant review before the Supreme Court. Under these circumstances, the movant has failed to satisfy the prejudice prong of Strickland, supra, arising from counsel's failure to seek or otherwise inform the movant of his right to seek certiorari review. Thus, no deficient performance or prejudice has been established and the movant is therefore entitled to no relief on this claim.

In **claim four**, the movant asserts that his sentence was improperly enhanced on the basis of unconstitutional prior state court convictions. (Cv-DE#5:19). In his January 2008 supporting memorandum, the movant maintains he is currently attempting to challenge the validity of the state court convictions which were utilized to enhance his federal sentence. (Id.). However, as of the

filing of this Report, the movant has not demonstrated that he has successfully vacated his prior state court convictions, or that those prior convictions were otherwise unconstitutionally entered. Under these circumstances, as discussed previously in relation to claim one above, the movant is entitled to no relief on this claim.

Finally, the movant's request for an evidentiary hearing on his claims of ineffective assistance of counsel should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this Report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

## Conclusion

It is therefore recommended that this motion to vacate sentence be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 25th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

c:  Tevis Cooper, Pro Se
    Reg. No. 57300-004
    F.C.C.-Coleman (Med.)
    P.O. Bo 1032
    Coleman, FL 33521-1032

Donald F. Chase, II, AUSA
U.S. Attorney's Office
500 East Broward Boulevard, 7th Floor
Fort Lauderdale, FL 33394